BAILES, Judge.
This is a tort action brought by plaintiff, Georgia E. Smith, against Brenda Gauley, H. F. Magee, d/b/a Magie Ford Company (Magee), and Phoenix Insurance Company of Hartford, defendants, to recover judgment for personal injuries sustained in an intersectional automobile collision in Sli-dell, St. Tammany Parish, Louisiana, on January 19, 1963.
The petition alleges plaintiff received grievous personal injuries when, without fault on her part, the automobile she was operating was struck by an automobile operated in a careless and negligent man *362 ner by Miss Gauley and owned by H. F. Magee, d/b/a Magee Ford Company, the public liability assured of Phoenix Insurance Company of Hartford. In the alternative, plaintiff avers that should she be found guilty of any negligence, the defendant driver failed to avail herself of the last clear chance to avoid the accident.
The defendants answered contending the accident resulted solely through the negligence of the plaintiff or, in the alternative, that plaintiff was guilty of contributory negligence sufficient to bar recovery.
In concluding the trial, the court dictated a statement into the record in which it said:
“I’m giving you some finding of facts while its still fresh in my mind * * *. I think the sole proximate cause of that accident was the negligent operating of the vehicle, the Magee vehicle, that was driven by the beautiful young lady that was operating it.”
The case was taken under advisement and after submission of briefs, judgment was rendered in favor of the defendants and against plaintiff, dismissing her demands. In his reasons for judgment the Trial Court stated:
“Based on the facts recited at the end of the transcript of testimony and further considering the condition of the weather and visability, the Trial Court has reached the conclusion the accident was caused by the concurrent negligence of Georgia Smith, the driver approaching from the North entering and making a left hand turn in front of traffic approaching on the favored Highway 11, and Brenda Gauley, traveling on the favored highway at an excessive rate of speed.”
From this adverse judgment plaintiff prosecutes this appeal urging that the initial findings of fact by the Trial Court were correct inasmuch as defendants-ap-pellees failed to bear the burden of proving contributory negligence on the part of plaintiff-appellant. Our conclusion is that the judgment rendered below was correct. It is, therefore, affirmed.
The accident occurred at the intersection of Louisa Street, a two lane street which runs generally north and south, and Highway 11 (also known as Liddle Avenue or Pontchartrain Boulevard), a four lane thoroughfare which runs generally east and west, in the City of Slidell, Louisiana. At approximately 1:15 p. m. on January 19, 1963, during a rather severe rainstorm, plaintiff, in obeyance to a stop sign, brought her vehicle to a stop on Louisa, some two feet north of this intersection. Her intention was to turn left or eastward on Highway 11. She was required to wait several minutes in this position before entering the highway and beginning her left turn due to limited visibility and opposing traffic. As the rain slacked and the traffic cleared, in anticipation of her intended turn, she looked to the right and then to her left where she noticed an automobile approaching the intersection on Highway 11 and two automobiles stopped in the outer or northern westbound lane of the highway waiting to turn right on Louisa as the stalled northbound traffic on that street permitted. Deciding she could safely execute her turn she moved her vehicle into the westbound lanes of Highway 11. The approaching auto, driven by Miss Gauley and owned by Magee, struck her left rear fender with its left front fender as her vehicle was approximately at the center of the highway, that is, when her car was one half way across the painted line which marked the division between the two eastbound and the two westbound traffic lanes.
It was established that the speed limit on Highway 11 at this point was 30 mph. Miss Gauley testified that she was driving 30 mph or possibly slightly faster but certainly no slower. Mr. Ray Johnson, the operator of a service station *363 located some 300 feet east of the scene of the accident, testified that the highway was muddy, the rain was extremely hard and traffic was moving very slowly. His attention was therefore drawn to an automobile, the Magee vehicle, traveling at “a pretty good rate of speed.” Though he would not estimate its speed he said it was moving considerably faster than the other automobiles on the highway at the time. Under these circumstances we conclude that Miss Gauley was operating the borrowed Magee automobile in a negligent manner. The actual speed of her vehicle in relation to the posted speed limit is not germane since her speed, though surely very near the maximum posted limit, was excessive under the existing road, traffic and weather conditions. The principle of law governing this situation is precisely stated in our Highway Regulatory Act:
“General Speed Law
A. No person shall drive a vehicle on the highway within this state at a speed greater than is reasonable and prudent under the conditions and potential hazards then existing, having due regard for the traffic on, and the surface and width of, the highway, and the condition of the weather, and in event at a speed in excess of the maximum speeds established by this Chapter or regulation of the Department made pursuant thereto.” LSA-R.S. 32:64.
The speed at which Miss Gauley was operating the Magee vehicle when coupled with the existing conditions was a direct contributing cause of the collision and as such constituted actionable negligence.
The duty of Mrs. Smith was likewise governed by the Highway Regulatory Act. After stopping at an intersection for a stop sign, a driver must, according to Section 123:
" * * * yield the right of way to all vehicles which have entered the intersection from another highway or which are approaching so closely on said highway as to constitute an immediate hazard.” LSA-R.S. 32:123.
Mrs. Smith testified that immediately prior to entering the intersection she saw the Magee automobile approaching from 500 feet away. She next saw the auto some 50 to 100 feet away as she was in the center of the inner westbound traffic lane of Highway 11. It is difficult to conceive how in .the span of time it took Mrs. Smith to cross one traffic lane Miss Gauley could have traveled 400-500 feet. Either Miss Gauley was traveling at a speed far in excess of the speed limit, a fact certainly not proved by the record, or Mrs. Smith hesitated after sighting the Magee auto before moving onto the highway or grossly misjudged the distance of the approaching vehicle from her. One of the latter conclusions is supported by the testimony of Miss Gauley who said she did not see the Smith vehicle entering the inner traffic lane until she was only 20 to 40 feet away. We feel Mrs. Smith entered the favored highway when the Magee auto was so close as to constitute an immediate hazard. This hazardous entry was contributory, causative negligence sufficient to bar her recovery.
Nor will the last clear chance doctrine overcome this bar, for it is inapplicable to the case. Proof was not made that Miss Gauley had either superior knowledge of plaintiff’s peril or the ability to avoid it. Miss Gauley testified she first saw the Smith auto only 20 to 40 feet from her, at which time, though she applied her brakes and turned to the right, she could not avoid the collision. Inasmuch as there were northbound vehicles stopped on Louisa between plaintiff’s auto and defendant and two vehicles waiting on Highway 11 to proceed north, we cannot find that Miss Gauley should have seen the plaintiff earlier. In fact, it would appear that if anyone had a last chance to avoid the accident it was Mrs. Smith who though she saw the Magee auto headed straight for her when it was 50 to 100 feet away *364 took no evasive action. By her own testimony, Mrs. Smith “just drove, thats all.”
Thus we find that the accident was caused by the concurrent and contributory negligence of both the plaintiff and the defendant driver. For the foregoing reasons, the judgment appealed from is affirmed at appellant’s costs.
Affirmed.